# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------x
:
In re:                                            :        Chapter 11
:
:        Case No. 09-12659 (MFW)
PROTOSTAR LTD., et al.,[1]                        :
:        Jointly Administered
:
:
Debtors.                 :
----------------------------------------------------------x

## ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) ESTABLISHING SOLICITATION PROCEDURES, (III) SETTING SECOND ADMINISTRATIVE EXPENSE BAR DATE AND (IV) SCHEDULING HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO CONFIRMATION OF JOINT CHAPTER 11 PLAN OF PROTOSTAR LTD. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION

Upon the Motion, dated September 30, 2009 (the "Motion"[2]) of ProtoStar Ltd., together with its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, "ProtoStar"), pursuant to sections 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (as amended, the "Local Rules"), for entry of an order (i) approving ProtoStar's Fifth Amended Disclosure Statement

---

[1] The ProtoStar entities, along with the last four digits of their respective federal tax identification numbers, are as follows: ProtoStar Ltd. (4245), ProtoStar I Ltd. (1042), ProtoStar II Ltd. (1244), ProtoStar Satellite Systems, Inc. (2615), ProtoStar Development Ltd. (none) and ProtoStar Asia Pte. Ltd. (none). The mailing address for ProtoStar is c/o ProtoStar Satellite Systems, Inc. 100 California Street, Suite 700, San Francisco, CA 94111.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion, the Chapter 11 Plan or the Disclosure Statement, as applicable.

Pursuant To 11 U.S.C. § 1125 With Respect To Fifth Amended Joint Chapter 11 Plan Of ProtoStar Ltd. And Its Affiliated Debtors And Debtors In Possession, dated August 18, 2010 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement"); (ii) establishing a record date for determining the holders of claims entitled to vote on the Fifth Amended Joint Chapter 11 Plan Of ProtoStar Ltd. And Its Affiliated Debtors And Debtors In Possession (as amended, modified or supplemented from time to time, the "Chapter 11 Plan") and approving procedures for the solicitation of votes, including (a) approving solicitation packages and procedures for distribution thereof, (b) approving forms of ballots, (c) approving notices to non-voting classes under the Chapter 11 Plan, (d) establishing a voting deadline for the receipt of ballots and (e) approving procedures for vote tabulation; (iii) setting the date that is ten (10) days prior to the date scheduled for the hearing to consider confirmation of the Chapter 11 Plan (the "Second Administrative Expense Bar Date") as the deadline for filings requests for payment of administrative expenses incurred between October 1, 2009 through and including the Second Administrative Expense Bar Date and (iv) scheduling a hearing to consider confirmation of the Chapter 11 Plan and approving the form and manner of notice thereof, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interest of ProtoStar, its creditors and all other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore:

## IT IS HEREBY FOUND THAT:[3]

A.  The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

B.  The Disclosure Statement complies with Bankruptcy Rule 3017.

C.  The forms of the ballots annexed hereto as <u>Exhibits B-1 to B-5(a)</u> (the "<u>Ballots</u>") for voting to accept or reject the Chapter 11 Plan and are consistent with Official Form No. 14, adequately address the particular needs of these chapter 11 cases and are appropriate for each class of claims entitled to vote to accept or reject the Chapter 11 Plan.

D.  Ballots need not be provided to the holders of claims in Class 1 (Priority Non-Tax Claims), Class 7 (Equity Interests) and Class 8 (Intercompany Claims). Such classes are not entitled to vote on the Chapter 11 Plan because either such classes (i) are unimpaired under the Chapter 11 Plan and presumed to accept the Chapter 11 Plan, (ii) will not receive or retain any property under the Chapter 11 Plan and are presumed to reject the Chapter 11 Plan or (iii) are impaired, held by proponents of the Chapter 11 Plan and presumed to accept the Chapter 11 Plan.

E.  The period during which ProtoStar may solicit acceptances or rejections of the Chapter 11 Plan (as set forth below) is a reasonable and adequate period of time for creditors and interest holders entitled to vote on the Chapter 11 Plan to make an informed decision whether to accept or reject the Chapter 11 Plan.

---

[3]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bank. P. 7052.

F.      The procedures for the solicitation and tabulation of votes to accept or reject the Chapter 11 Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with the requirements of the Bankruptcy Code and the Bankruptcy Rules.

G.      The procedures set forth below for providing notice to all creditors, equity interest holders and other parties in interest of the Second Administrative Expense Bar Date and the time, date, and place of the hearing to consider, and the deadline for filing objections to, confirmation of the Chapter 11 Plan (the "Confirmation Hearing") and the distribution and contents of the Solicitation Packages (as defined below) comply with Bankruptcy Rules 2002 and 3017 and constitute adequate and sufficient notice to all interested parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is granted.

2.      The Disclosure Statement is approved.

3.      All objections to the Disclosure Statement not otherwise withdrawn or resolved by this Order are hereby overruled.

4.      The Ballots are approved.

5.      The record date for purposes of determining creditors entitled to vote on the Chapter 11 Plan is the date hereof (the "Record Date").

6.      Holders of claims in Classes 2, 3, 4, 5, and 6 (collectively, the "Voting Classes") as of the Record Date are entitled to vote to accept or reject the Chapter 11 Plan.

7.      On or before September 1, 2010 (the "Solicitation Date"), ProtoStar shall distribute to each holder of claims in the Voting Classes a solicitation package (each, a

"Solicitation Package") containing copies of (i) the Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit A-1, which form is hereby approved, (ii) a notice of the Second Administrative Expense Bar Date (the "Second Administrative Expense Bar Date Notice"), substantially in the form attached hereto as Exhibit A-3, which form is hereby approved, (iii) the Disclosure Statement (including a copy of this Order (without exhibits) and the Chapter 11 Plan), (iv) the proposed Bermuda Schemes of Arrangement (the "Schemes"), (v) an explanatory statement prepared by ProtoStar in connection with the Schemes (the "Explanatory Statement") and (vi) a Ballot and a return envelope.

8.      On or before the Solicitation Date, ProtoStar shall distribute a notice of non-voting status (the "Notice of Non-Voting Status"), substantially in the form attached hereto as Exhibit A-2, which form is hereby approved, and the Second Administrative Expense Bar Date Notice to all known holders of claims or interests, as of the Record Date, in Classes 1, 7 and 8, which classes are not entitled to vote under the Chapter 11 Plan.

9.      The Notice of Non-Voting Status satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules and therefore ProtoStar is not required to distribute copies of the Chapter 11 Plan, Disclosure Statement or any Solicitation Package to any holder of a claim under the Chapter 11 Plan in Classes 1, 7 and 8 unless such party makes a request of ProtoStar therefor.

10.      The form, content and sufficiency of the Second Administrative Expense Bar Date Notice to be sent by mail to potential holders of Administrative Expenses is hereby approved and shall be deemed adequate and sufficient notice if served by first-class mail, postage prepaid, no later than five (5) business days after entry of this order upon: (i) all known creditors, (ii) all parties listed on ProtoStar's master mailing matrix; (iii) all entities having filed

a notice of appearance and demand for papers, (iv) ProtoStar's equity security holders, and (v) the Office of the United States Trustee.

11.     Kurtzman Carson Consultants LLC (the "Notice and Balloting Agent") shall mail Solicitation Packages to each (i) holder of record (the "Record Holders") of the Senior Secured Notes or CS Facility Claims (together, the "Debt Instruments") as of the Record Date, and (ii) bank or brokerage firm (or the agent or nominee therefor) (in each case, a "Nominee") identified by the Notice and Balloting Agent as an entity through which Beneficial Holders hold the Debt Instruments.

12.     To facilitate the mailing described in the preceding paragraph, CS, as the agent for the CS Facility (the "CS Facility Agent"), shall, to the extent known and applicable, provide the Notice and Balloting Agent prior to or on August 30, 2010, with a set of labels and a list (either in paper form or on a diskette) containing the names, addresses and holdings of the respective Record Holders as of the Record Date.

13.     The Nominees through which Beneficial Holders hold the Debt Instruments shall distribute promptly the Solicitation Packages to the Beneficial Holders for which they hold such instruments.

14.     The following procedures for the Nominees to obtain the votes of Beneficial Holders of the Debt Instruments are authorized:

    (a)     the Nominee may prevalidate the appropriate Ballots for Beneficial Holders of Classes 2 and 3 Claims (each a "Beneficial Holder Ballot") contained in the Solicitation Package (by signing that Beneficial Holder Ballot and by indicating thereon that the Record Holder of the Debt Instruments voted, the principal amount, and the appropriate account numbers through which the Beneficial Holder's holdings are derived) and then forwarding the Solicitation Package to the Beneficial Holder of the Debt Instruments for voting, so that the Beneficial Holder may return the completed Beneficial Holder Ballot directly to the Notice and Balloting Agent in the return envelope provided in the Solicitation Package; or

(b)     the Nominee may forward the Solicitation Package to the Beneficial Holder of the Debt Instruments for voting and include a return envelope provided by and addressed to the Nominee, so that the Beneficial Holder may return the completed Beneficial Holder Ballot to that entity.  The Nominee shall summarize the individual votes of its respective Beneficial Holders from their Beneficial Holder Ballot on an appropriate master ballot, in substantially the form of the master ballots (and instructions attached thereto) attached as Exhibits B-1 and B-2 hereto (each, a "Master Ballot"), and then return the Master Ballot to the Notice and Balloting Agent.

15.     ProtoStar shall serve a copy of this Order on each of the Indenture Trustee and the CS Facility Agent and each Nominee identified by the Notice and Balloting Agent as an entity through which Beneficial Holders hold Claims of or relating to the Debt Instruments so that they will have notice of this procedure.

16.     All Ballots shall be properly executed, completed and delivered with original signatures to the Notice and Balloting Agent so that they are received by the Notice and Balloting Agent no later than 4:00 p.m. (prevailing Pacific Time) on September 27, 2010 (the "Voting Deadline").

17.     Except as otherwise provided herein, any Ballot that is timely received, that contains sufficient information to permit identification of the claimant or interest holder and that is cast as an acceptance or rejection of the Chapter 11 Plan will be counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Chapter 11 Plan.

18.     The following Ballots will not be counted or considered for any purpose in determining whether the Chapter 11 Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless ProtoStar granted an extension of the Voting Deadline with respect to such Ballot, (ii) any Ballot that is illegible in any material respect or contains insufficient information to permit the identification of the claimant or the claim amount, (iii) any

Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Chapter 11 Plan, (iv) any unsigned Ballot, (v) any Ballot transmitted to the Notice and Balloting Agent (including by facsimile or e-mail) that does not contain an original signature and (vi) any properly executed, timely received Ballot that partially rejects and partially accepts the Chapter 11 Plan or that does not indicate an acceptance or rejection of the Chapter 11 Plan.

19.     The Notice and Balloting Agent is authorized to, in consultation with ProtoStar, contact voters to cure any defects in the Ballots and is authorized to so cure any defects.

20.     Notwithstanding Bankruptcy Rule 3018(a), whenever a creditor or interest holder casts more than one Ballot voting the same claim or interest before the Voting Deadline, the last Ballot received before the Voting Deadline will deemed to reflect the voter's intent and thus to supersede any prior Ballots, without prejudice to ProtoStar's right to object to the validity of the second Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first Ballot for all purposes.

21.     Creditors must vote all of their claims within a particular class under the Chapter 11 Plan together either to accept or to reject the Chapter 11 Plan and may not split their vote(s), and any properly executed, timely received Ballot that partially rejects and partially accepts the Chapter 11 Plan will not be counted as a vote to accept or reject the Chapter 11 Plan.

22.     Any claimant or interest holder who has delivered a valid Ballot for the acceptance or rejection of the Chapter 11 Plan shall be permitted to withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Notice and Balloting Agent at any time prior to the Voting Deadline; provided, however, that a notice of withdrawal, to be valid,

shall (a) contain a description of the claim to which it relates and the aggregate amount of such claim as allowed for voting purposes, (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (c) contain a certification that the withdrawing party owns the claim or interest and possesses the right to withdraw the vote sought to be withdrawn and (d) be received by the Notice and Balloting Agent prior to the Voting Deadline.

23.     For purposes of voting to accept or reject the Chapter 11 Plan and providing a special proxy in respect of the Schemes, a Record Holder or Beneficial Holder of the Debt Instruments who submits an otherwise valid Ballot (or whose vote is recorded in an otherwise valid Master Ballot) will be deemed to have voted the full amount of its claim relating to such Debt Instruments as allowed for voting purposes, notwithstanding any higher or lower amount described on its Ballot.

24.     Nominees electing to send Prevalidated Ballots to Beneficial Holders for direct return to the Notice and Balloting Agent must retain for inspection by the Court a list of those Beneficial Holders to whom such Prevalidated Ballots were sent for one (1) year following the Voting Deadline and Nominees electing to use the Master Ballot voting process must retain for inspection by the Court the Ballots cast by Beneficial Holders for one (1) year following the Voting Deadline.

25.     To avoid double counting, (i) votes cast by Beneficial Holders holding Debt Instruments through a Nominee and transmitted by means of a Master Ballot or Prevalidated Ballot shall be applied against the claim amount as allowed for voting purposes held by such Nominees in the Debt Instruments, as evidenced by the record list of the holders of the Debt Instruments or through participation in a securities depository and (ii) votes submitted by a

Nominee on a Master Ballot or Prevalidated Ballot shall not be counted in excess of the position maintained by the respective Nominee on the Record Date in the applicable Debt Security.

26.     The following assumptions apply to Prevalidated Ballots: (i) each Prevalidated Ballot is for a single account and (ii) each vote is a separate vote and not duplicative of any other vote cast by other customers of that Nominee (unless specific evidence exists indicating that one vote is for the identical account number and amount of another vote).

27.     To the extent that conflicting votes or duplicative votes are submitted on a Master Ballot, the Notice and Balloting Agent is authorized, in consultation with ProtoStar, to attempt to reconcile such votes prior to the Voting Deadline.

28.     To the extent that any such conflicting or duplicative votes are not reconcilable prior to the Voting Deadline, the Notice and Balloting Agent shall count votes in respect of such Master Ballot by splitting the full amount of the applicable Nominee's claim amount as allowed for voting purposes on the Record Date in the applicable Debt Instruments into accepting and rejecting votes in the same proportion as the non-conflicting and non-duplicative votes to accept or reject the Chapter 11 Plan submitted on such Master Ballot.

29.     All claims for Administrative Expenses accruing on or after October 1, 2009 through and including the Second Administrative Expense Bar Date (other than the DIP Claims and the Professional Fee Claims) and not otherwise paid in the ordinary course of ProtoStar's businesses shall be filed with the Bankruptcy Court **no later than ten (10) days before the date scheduled for the Confirmation Hearing** and shall be filed with the Notice and Balloting Agent and the Clerk of this Court, in writing together with supporting documentation, in accordance with section 503 of the Bankruptcy Code on or before the Second Administrative Expense Bar Date.

30.     Any Administrative Expense claim that is required to be filed on or before the Second Administrative Expense Bar Date pursuant to these provisions and not filed on or before such date **shall be <u>forever barred</u> from assertion against ProtoStar and the property of ProtoStar**.

31.     The Confirmation Hearing Notice, Notice of Non-Voting Status and the Second Administrative Expense Bar Date Notice are hereby approved and deemed adequate and sufficient notice of the Second Administrative Expense Bar Date and Confirmation Hearing in accordance with Bankruptcy Rule 2002.

32.     ProtoStar shall publish the Confirmation Hearing Notice and the Second Administrative Expense Bar Date Notice once in the international edition of the Wall Street Journal, or a similarly internationally-circulated newspaper, on or before September 3, 2010.

33.     Upon service of the Confirmation Hearing Notice, Notice of Non-Voting Status and the Second Administrative Expense Bar Date Notice and publication of the Confirmation Hearing Notice and the Second Administrative Expense Bar Date Notice in accordance with this Order, holders of Administrative Expense claims against ProtoStar that are required to file an administrative expense request by the Second Administrative Expense Bar Date shall not be entitled to receive further notices regarding the Second Administrative Expense Bar Date.

34.     The Confirmation Hearing shall be held at 9:30 a.m. (prevailing Eastern Time) on October 6, 2010, or as soon thereafter as counsel may be heard; <u>provided</u>, <u>however</u>, that the Confirmation Hearing may be continued from time to time by the Court or ProtoStar without further notice other than announcement of such adjournments in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

35.     Any objections to confirmation of the Chapter 11 Plan shall (i) be in writing, (ii) state the name and address of the objecting party and the nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection and (iv) be filed, together with proof of service, with the Court, and be served so that they are actually filed and received no later than 4:00 p.m. (prevailing Eastern Time) on September 28, 2010 by (a) ProtoStar Ltd., 100 California Street, Suite 700, San Francisco, California 94111, Attn: Cynthia M. Pelini; (b) Milbank, Tweed, Hadley & McCloy LLP, One Chase Manhattan Plaza, New York, New York 10005, Attn: Matthew S. Barr, Esq. and Peter K. Newman, Esq.; (c) Pachulski, Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware, Attn: Laura Davis Jones, Esq.; (d) Richards, Kibbe & Orbe LLP, One World Financial Center, New York, New York 10281, Attn: Michael Friedman, Esq. and James Bulger, Esq.; (e) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801, Attn: Stephen M. Miller, Esq. (f) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Lori R. Fife, Esq., Shai Y. Waisman, Esq. and Saima Majid, Esq.; (g) Womble Carlyle Sandridge & Rice, PLLC, 222 Delaware Avenue, Suite 1501, Wilmington, DE 19801, Attn: Steven K. Kortanek, Esq. (h) the Office of the United States Trustee, District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Jane M. Leamy, Esq.; (i) Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801, Attn: Donald J. Detweiler, Esq. and Dennis A. Meloro, Esq.; (j) Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068, Attn: Jeffrey D. Prol, Esq. and Jason DiBattista, Esq. and (l) Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022, Attn: James L. Garrity Jr., Esq. and Ned S. Schodek, Esq.

36.      Objections to confirmation of the Chapter 11 Plan that are not timely filed, served and actually received in the manner set forth above may not be considered by the Court and may be deemed overruled.

37.      ProtoStar and other parties in interest are authorized to file replies or responses to any such objections by no later than 4:00 p.m. (prevailing Eastern Time) on October 4, 2010.

38.      ProtoStar is authorized, in its sole discretion, to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court unless such action materially impacts the rights and obligations of parties under the Chapter 11 Plan and/or the Disclosure Statement.

39.      ProtoStar is authorized to make non-substantive changes to the Disclosure Statement and the Chapter 11 Plan without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Chapter 11 Plan and any other materials in the Solicitation Package prior to their mailing.

40.      All notices to be provided pursuant to the procedures set forth herein are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing and no other or further notice need be provided.

41.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

Dated: _____8/31_____, 2010

_____
HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE